IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEAN C. BOYD**                                                                                                                      **PLAINTIFF**

**v.**                                  **No. 4:25CV113-DMB-JMV**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**                  **DEFENDANTS**

### ORDER FINDING PLAINTIFF HAS MET THE PLRA'S "IMMINENT THREAT" EXCEPTION TO THE "THREE STRIKES" RULE; *GRANTING* PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* WITHOUT ASSESSING PARTIAL INITIAL FILING FEE

The plaintiff is a prisoner proceeding *pro se* seeking relief under 42 U.S.C. §1983. He has requested leave to proceed *in forma pauperis* under 28 U.S.C. §1915 and has submitted a completed authorization form and certificate of his inmate's trust account. The plaintiff is obligated to pay the statutory filing fee of $350.00 to file his case.

### The Plaintiff's Allegations Have Met the "Imminent Danger" Exception to the "Three Strikes" Rule Under the PLRA

The plaintiff has moved [2] to proceed *in forma pauperis*; however, he has accumulated three "strikes" under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). Three of Boyd's many "strikes" are: *Dean C. Boyd v. Christopher Collins*, 4:12-cv-56-HTW-LRA, (Southern District of Mississippi), *Dean C. Boyd v. Ronal King, et al.*, 3:20-cv-443-DPJ-FKB, (Southern District of Mississippi), *Dean C. Boyd v. Menarvia Nixon Gaddis, et al.*, 3:20-cv-420-TSL-RPM, (Southern District of Mississippi). Since all three dismissals meet the requirements of "three-strikes" provision, Boyd is not eligible to bring *pro se in forma pauperis* complaints or appeals in federal court – unless he meets the "imminent danger" exception to that rule. Under that provision, he may not proceed *in forma pauperis* unless he alleges that he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

In the Fifth Circuit, an inmate seeking to overcome the "three strikes" provision of the Prison Litigation Reform Act must show that he faced an imminent threat of serious physical injury at the time he filed suit. *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). To meet the exception to the prepayment requirement of 28 U.S.C. § 1915, a prisoner who has accrued three "strikes" must make specific, credible allegations of imminent danger. *Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172 (10th Cir. 2011). In addition, a nexus must exist between the imminent danger a three-strikes prisoner alleges to obtain pauper status and the legal claims asserted in the complaint. *Prescott v. UTMB Galveston Texas*, 73 F.4th 315, 321 (5th Cir. 2023); *see also Pettus v. Morgenthau*, 554 F.3d 293 (2d Cir. 2009).

The plaintiff has alleged specific and credible conditions and injuries (excessive heat, severe bedsores, dehydration, chest pains, etc.) that were present when he filed the complaint – allegations which meet the criteria to show "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In addition, there is a nexus between the legal claims asserted in the complaint (excessive heat in violation of the Eighth Amendment) and the imminent danger alleged (injuries from the excessive heat). For these reasons, the court finds that the plaintiff has met the "imminent danger" exception to the PLRA's "three strikes" rule, and the court will consider his motion [2] to proceed *in forma pauperis*.

### The Plaintiff's Request to Proceed *In Forma Pauperis* Will Be Granted

The plaintiff's inmate trust account shows that over the last six months, the plaintiff has had an average monthly balance of $0.00, and his monthly deposits have averaged $0.00.

Although the plaintiff is required to pay a filing fee in the amount of $350.00, he will not be assessed an initial partial filing fee, as his account does not have the funds for such a fee. 28 U.S.C. § 1915(b)(1). The plaintiff will then be required to make monthly payments of 20 percent of the preceding month's income credited to the plaintiff's prisoner account, until the plaintiff

has paid the total filing fee of $350.00. 28 U.S.C. § 1915(b)(2). These payments will be collected by the **Premier Supply Links, Inmate Banking for Mississippi Department of Corrections**, and forwarded to the court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §1915(b)(2). A copy of this order must be kept in the plaintiff's institutional file, and this obligation will be carried forward should the plaintiff be transferred to another jail or correctional facility.

**IT IS HEREBY ORDERED** that:

1. The plaintiff's request [2] to proceed *in forma pauperis* is **GRANTED**.

2. Each time the plaintiff's account balance exceeds $10.00, the **Premier Supply Links, Inmate Banking for Mississippi Department of Corrections or any successive custodian** must collect from the plaintiff's prison trust account a monthly payment consisting of 20 percent of the preceding month's income credited to the plaintiff's prison account and forward the amount to the court, clearly identifying the payment by the style and number of this case, until the total filing fee of $350.00 is paid in full, in an institutional check made payable to:

   **Clerk, U.S. District Court**
   **911 Jackson Avenue, Room 369**
   **Oxford, MS 38655-3622.**

3. A copy of this order must be kept in the plaintiff's institutional file, and this obligation will be carried forward should the plaintiff be transferred to another jail or correctional facility.

4. The Clerk of the Court will serve a copy of this order on:

   **Premier Supply Links**
   **Inmate Banking for MDOC**
   **PO Box 97538**
   **Pearl, MS 39228**

   **SO ORDERED**, this, the 5th day of November, 2025.

   /s/  Jane M. Virden
   UNITED STATES MAGISTRATE JUDGE